**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **TOPSTONE SURFACES INC.** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Case Action: No. _____** |
| | ) | |
| **SMC VIRGINIA INC.** | ) | **JURY DEMAND** |
| **f/k/a SMC HARDWARE USA INC.** | ) | |
| **d/b/a QUESTONE** | ) | |
| **and** | ) | |
| | ) | |
| **SMC NEW JERSEY INC.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **SMC HARDWARE CANADA INC.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JAY DOE** | ) | |
| **Address:      9737 Copeland Drive** | ) | |
| **              Manassas, VA 20109** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **IJLAL SHUJA** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DANIYAL SHUJA** | ) | |
| | ) | |
| **Defendants** | ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW**, Plaintiff, **TOPSTONE SURFACES INC.** (the "**Plaintiff**" or

"**TOPSTONE**"), by and through undersigned counsel, respectfully submits this Complaint against

Defendants SMC VIRGINIA INC. f/k/a SMC HARDWARE USA INC. d/b/a QUESTONE, SMC

NEW JERSEY INC., SMC HARDWARE CANADA INC., JAY DOE, IJLAL SHUJA and

1

DANIYAL SHUJA.  Plaintiff brings this action for damages arising from Defendants' failure to pay for goods supplied by Plaintiff and from Defendants' related conduct, representations, and acknowledgments concerning such payment obligations.  The claims asserted herein are based upon Defendants' respective conduct as alleged in this Complaint.  In support of Plaintiff's claims against Defendants, Plaintiff respectfully states as follows:

## PARTIES

1.   Plaintiff is a corporation organized and existing under the laws of New York, with its principal place of business located at 228 Park Ave S 30327, New York, NY 10003.

2. Defendant SMC VIRGINIA INC. f/k/a SMC HARDWARE USA INC. d/b/a QUESTONE, is a Virginia stock corporation, Entity ID: 07873862, with its principal office located at 14805 Willard Rd Ste E, Chantilly, VA 20151 (the "**Defendant SMC VA**").

3. Defendant SMC NEW JERSEY INC. is a New Jersey corporation, Entity ID: 0450753632, with its principal place of business located at 225 Executive Dr Suite 8, Moorestown, NJ 08057 (the "**Defendant SMC NJ**").

4. Defendant SMC HARDWARE CANADA INC. is a Canadian corporation, Corporation Number: 750507-8, with its registered office address located in Mississauga ON L5T 1V9, Canada (the "**Defendant SMC Canada**").

5. Defendant JAY DOE (last name is presently unknown to the Plaintiff) is an individual who serves as the manager of Defendant SMC VA.  Defendant JAY DOE served as Plaintiff's main business contact on behalf of Defendant SMC VA during the transactions described herein and personally communicated directly with Plaintiff regarding orders, shipments, payment obligations, outstanding balances, and representations concerning the timing and method of payment.

6. Defendant IJLAL SHUJA is an individual who serves as the President and officer of Defendant SMC VA.

7. Defendant DANIYAL SHUJA is an individual who served as the manager of Defendant SMC NJ. Defendant DANIYAL SHUJA serves as Plaintiff's primary business contact on behalf of Defendant SMC NJ and personally communicated with Plaintiff regarding Defendant SMC NJ's outstanding payment obligations, requests for additional time to satisfy those obligations, and related payment communicates.

8. Upon information and belief, Defendant SMC Canada is the parent company of Defendant SMC VA and Defendant SMC NJ. Public corporate records reflect overlapping management among those entities, and Plaintiff's historical course of dealing included receiving payments authorized by Defendant IJLAL SHUJA from the corporate bank account of SMC Hardware USA Inc., the predecessor business of Defendant SMC VA.

9. Upon information and belief, Defendant SMC VA, Defendant SMC NJ, Defendant JAY DOE, and Defendant DANIYAL SHUJA participated in communications and business transactions relating to the purchase, receipt, resale, and payment obligations relating to goods supplied by Plaintiff. Defendant JAY DOE and Defendant DANIYAL SHUJA each communicated directly with Plaintiff regarding payment obligations arising from those transactions.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this matter pursuant to 28 U.S. Code § 1332, as there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b), and Local Civil Rule 3(B), because Defendant SMC VA resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**FACTS**

12. Plaintiff is engaged in the business of supplying stone slabs, vanity sinks, stainless-steel sinks, and related products.

13. Beginning in 2022, Plaintiff entered into a commercial business relationship with Defendant SMC VA, pursuant to which Plaintiff agreed to sell and Defendant SMC VA agreed to purchase Plaintiff's products for resale in the United States.  Pursuant to the parties' course of dealing, Defendant SMC VA submitted purchase orders or other purchase requests via WhatsApp, Plaintiff accepted those orders, and Plaintiff supplied the requested goods in exchange for Defendant SMC VA's agreement to pay the agreed purchase price (**Exhibit A1**).

14. Beginning in 2025, Plaintiff entered into a commercial business relationship with Defendant SMC NJ, pursuant to which Plaintiff agreed to sell and Defendant SMC NJ agreed to purchase Plaintiff's products for resale in the United States.  Pursuant to the parties' course of dealing, Defendant SMC NJ submitted purchase orders or other purchase requests via WhatsApp, Plaintiff accepted those orders, and Plaintiff supplied the requested goods in exchange for Defendant SMC NJ's agreement to pay the agreed purchase price (**Exhibit A2)**.

15. From November 2025 to February 2026, Plaintiff timely performed its obligations by delivering three (3) containers of vanity sinks and two (2) containers of stainless-steel sinks totaling five (5) containers of goods to Defendant SMC NJ for resale in the United States (**Exhibit B**).

16. From December 2025 to March 2026, Plaintiff timely performed its obligations by delivering twenty (20) containers of stone slabs, eleven (11) containers of vanity sinks and ten (10) containers of stainless-steel sinks totaling forty-one (41) containers of goods to Defendant SMC VA for resale in the United States (**Exhibit C**).

17. From October 2025 to March 2026, Plaintiff delivered a total of forty-six (46) containers of goods to Defendant SMC VA and Defendant SMC NJ having a total unpaid invoice value of Seven Hundred Twenty-Four Thousand Three Hundred Twenty-One U.S. Dollars ($724,321.27) (the "**Unpaid Total Amount**").  Plaintiff delivered the 46 containers in two batches, including an initial batch of thirty-one (31) containers, followed by an additional fifteen (15) containers that Plaintiff continued to release in reliance upon Defendant SMC VA and Defendant SMC NJ's representations concerning payment.  Defendant SMC VA accepted delivery of the goods delivered to Defendant SMC VA, and Defendant SMC NJ accepted delivery of the goods delivered to Defendant SMC NJ, without rejecting the goods or asserting that the goods were nonconforming.

18. Following delivery of the goods, Plaintiff repeatedly demanded payment of the outstanding balance.  Rather than disputing the amounts owed or rejecting the goods, Defendant JAY DOE acting on behalf of Defendant SMC VA, acknowledged Defendant SMC VA's outstanding balance, requested additional time to make payment, and repeatedly assured Plaintiff that payment would be forthcoming.  Rather than disputing the amounts owed or rejecting the goods, Defendant DANIYAL SHUJA, acting on behalf of Defendant SMC NJ, acknowledged Defendant SMC NJ's outstanding balance, requested additional time to make payment, and repeatedly assured Plaintiff that payment would be forthcoming.  Relying upon those

representations, Plaintiff continued releasing additional shipments of goods to Defendant SMC VA.

19. Prior to the payment defaults described herein, Plaintiff received payments directly from Defendant SMC Canada for goods supplied to Defendant SMC VA and Defendant SMC NJ. Based upon that course of dealing, Plaintiff reasonably believed that Defendant SMC Canada was financially responsible for, participated in, or authorized payment of obligations incurred by Defendant SMC VA and Defendant SMC NJ.

20. Prior to the defaults described herein, payments to Plaintiff were initiated or authorized by Defendant IJLAL SHUJA using the corporate bank account of SMC Hardware USA Inc., the predecessor business of Defendant SMC VA.  Based upon that course of dealing, Plaintiff reasonably understood Defendant IJLAL SHUJA to exercise authority over the financial affairs and payment obligations of Defendant SMC VA (**Exhibit D1 and Exhibit D2**).

21. On or about March 3, 2026, via WhatsApp, Defendant JAY DOE sent Plaintiff a screenshot purporting to show that a wire transfer in the amount of Thirty-Three Thousand Ten Dollars and Sixty-Six Cents ($33,010.66) towards the Unpaid Total Amount.  Defendant JAY DOE represented that the transfer had been initiated (**Exhibit E**).

22. Despite Defendant JAY DOE's representation, Plaintiff never received the $33,010.66 payment.

23. On or about March 4, 2026, via WhatsApp, Defendant JAY DOE represented that Defendant SMC VA would begin paying the Unpaid Total Amount in installments of Fifty Thousand Dollars ($50,000) every Friday after April 1, 2026.  Defendant JAY DOE further requested that Plaintiff continue releasing shipments of goods notwithstanding Defendant SMC VA's

existing payment default and assured Plaintiff that Defendant SMC VA intended to satisfy its outstanding payment obligations.

24. In reasonable reliance upon Defendant JAY DOE's representations and assurances, Plaintiff continued releasing shipments to Defendant SMC VA instead of suspending future deliveries or immediately pursuing legal remedies.

25. No installment payments promised by Defendant JAY DOE was ever received by Plaintiff.

26. On or about April 7, 2026, via WhatsApp, Defendant JAY DOE represented that Plaintiff would receive a wire transfer that day and further stated that Plaintiff would receive a copy of the wire confirmation (**Exhibit E**).

27. Plaintiff did not receive the promised wire transfer or wire confirmation.

28. Between April 11, 2026, April 13, 2026, and April 15, 2026, Plaintiff repeatedly demanded payment from Defendant SMC VA and Defendant SMC NJ through WhatsApp and email. Neither Defendant SMC VA nor Defendant SMC NJ remitted the demanded payment (**Exhibit F1 and Exhibit F2**).

29. On or about April 17, 2026, via WhatsApp, Defendant JAY DOE communicated with Plaintiff and acknowledged Defendant SMC VA's outstanding balance, and explained that Defendant SMC VA was experiencing financial difficulties and a family emergency, requested additional time to make payment, and stated that Defendant SMC VA intended to satisfy its payment obligations (*see* **Exhibit E Page 4**).

30. Defendant JAY DOE repeatedly acknowledged Defendant SMC VA's outstanding payment obligations, requested that Plaintiff continue releasing cargo despite SMC VA's payment default, and repeatedly promised that Defendant SMC VA would make future payments.

31. Despite repeatedly acknowledging the outstanding debt and representing that payment would be made, Defendant SMC VA failed to pay the outstanding balance owed to Plaintiff, and Defendant SMC NJ failed to pay the outstanding balance owed to Plaintiff.  Neither Defendant SMC VA nor Defendant SMC NJ disputed Plaintiff's invoices or the agreed payment terms, the quantities of goods delivered, the agreed prices, or Plaintiff's performance under the parties' agreements before this litigation.

32. As a direct and proximate result of Defendant SMC VA and Defendant SMC NJ's failure to pay for the goods supplied by Plaintiff, Plaintiff has suffered damages totaling $724,321.27, consisting of:

    a.   $691,310.61 for 46 unpaid containers supplied by Plaintiff;

    b.   $33,010.66 for representing the wire transfer that Defendant JA DOE represented had been initiated but that Plaintiff never received.

33. Despite repeated demands, Defendant SMC VA and Defendant SMC NJ have failed and refused to pay the outstanding balance owed to Plaintiff.

### Count I-Breach of Contract

34. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

35. Under Virginia law, to establish a claim for breach of contract, a plaintiff must show (1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3) injury or damage to the plaintiff caused by the breach. *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004).

36. Plaintiff and Defendant SMC VA entered into a series of contracts for the purchase and sale of goods pursuant to the commercial relationship described above, pursuant to which Plaintiff

8

agreed to supply stone slabs, vanity sinks, stainless-steel sinks, and related products, and Defendant SMC VA agreed to pay the agreed purchase price for such goods.

37. Plaintiff and Defendant SMC NJ entered into a series of contracts for the purchase and sale of goods pursuant to the commercial relationship described above, pursuant to which Plaintiff agreed to supply vanity sinks, stainless-steel sinks, and related products, and Defendant SMC NJ agreed to pay the agreed purchase price for such goods.

38. The contracts between Plaintiff and Defendant SMC VA and between Plaintiff and Defendant SMC NJ were formed through the parties' purchase orders, pro forma invoices, invoices, written electronic communications, Plaintiff's acceptance of the orders, Defendants' agreement to the pricing and payment terms, the parties' established course of dealing, and Plaintiff's delivery and Defendants' acceptance of the goods.

39. Plaintiff fully performed all material obligations under the agreements by supplying and delivering the goods ordered by Defendant SMC VA and Defendant SMC NJ.

40. Defendant SMC VA materially breached its contracts with Plaintiff by accepting delivery of Plaintiff's goods and failing to pay the amounts due under the parties' contracts. Defendant SMC NJ likewise materially breached its contracts with Plaintiff by accepting delivery of Plaintiff's goods and failing to pay the amounts due under the parties' contracts.

41. Defendant SMC VA further breached its contracts by requesting and accepting additional shipments after failing to satisfy its existing payment obligations and by failing to remit payment despite repeatedly acknowledging its outstanding balance.

42. Defendant SMC NJ failed to satisfy its payment obligations after accepting Pliantiff's goods and acknowledging its outstanding balance.

9

43. Plaintiff delivered the goods to Defendant SMC VA and Defendant SMC NJ, and each accepted the goods without timely rejecting them or asserting that the goods failed to conform to the parties' contracts. Pursuant to Virginia Code §§ 8.2-606 and 8.2-607, acceptance of the goods obligated Defendant SMC VA and Defendant SMC NJ to pay the contract price.

44. Because Defendant SMC VA and Defendant SMC NJ accepted the goods and failed to pay the contract price when due, Plaintiff is entitled to recover the unpaid contract price as permitted by Virginia Code § 8.2-709.

45. As a direct and proximate result of Defendant SMC VA's and Defendant SMC NJ's material breaches of the agreements, Plaintiff has suffered damages in the amount not less than $724,321.27.

46. Therefore, Plaintiff is entitled to recover damages against Defendant SMC VA and Defendant SMC NJ in an amount not less than $724,321.27, together with all remedies available under the parties' contracts and applicable Virginia law, including Virginia Code § 8.2-709, prejudgment interest, post-judgment interest, costs, and such other relief as the Court deems just and proper.

## COUNT II-Open Account

47. Plaintiff incorporates by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

48. Plaintiff and Defendant SMC VA maintained a continuing commercial credit relationship pursuant to which Plaintiff sold and delivered goods to Defendant SMC VA on credit through multiple commercial transactions. Plaintiff maintained a running account reflecting invoices, charges, payments, credits, and the outstanding balance due, and extended unsecured trade credit to Defendant SMC VA in the ordinary course of business.

49. Plaintiff and Defendant SMC NJ maintained a continuing commercial credit relationship pursuant to which Plaintiff sold and delivered goods to Defendant SMC NJ on credit through multiple commercial transactions. Plaintiff maintained a running account reflecting invoices, charges, payments, credits, and the outstanding balance due, and extended unsecured trade credit to Defendant SMC NJ in the ordinary course of business.

50. Between approximately October 2025 and March 2026, Plaintiff sold and delivered stone slabs, vanity sinks, stainless-steel sinks, and related products to Defendant SMC VA and Defendant SMC NJ through a series of commercial transactions conducted on open account.

51. Defendant SMC VA accepted the goods supplied by Plaintiff for resale in the ordinary course of its business.

52. Defendant SMC NJ accepted the goods supplied by Plaintiff for resale in the ordinary course of its business.

53. Plaintiff maintained business records reflecting the invoices issued to Defendant SMC VA and Defendant SMC NJ, payments received, credits applied, and the unpaid balances remaining due.

54. Defendant SMC VA accepted delivery of the goods shipped to Defendant SMC VA, and Plaintiff recorded the corresponding charges on Plaintiff's running account.

55. Defendant SMC NJ accepted delivery of the goods shipped to Defendant SMC NJ, and Plaintiff recorded the corresponding charges on Plaintiff's running account.

56. Defendant SMC VA retained and benefited from the goods supplied by Plaintiff but failed to pay the outstanding balance reflected in Plaintiff's account records.

57. Defendant SMC NJ likewise retained and benefited from the goods supplied by Plaintiff but failed to pay the outstanding balance reflected in Plaintiff's account records.

58. Defendant SMC VA became obligated to pay the outstanding balance reflected in Plaintiff's account records but failed and refused to do so.

59. Defendant SMC NJ became obligated to pay the outstanding balance reflected in Plaintiff's account records but failed and refused to do so.

60. As of the filing of this Complaint, the unpaid balance due on Plaintiff's open account is $724,321.27.

61. As a direct and proximate result of Defendant SMC VA's failure to pay the outstanding balance reflected in Plaintiff's account records, and Defendant SMC NJ's failure to pay the outstanding balance reflected in Plaintiff's account records, Plaintiff has suffered damages of not less than $724,321.27.

62. Therefore, Plaintiff is entitled to recover judgment against Defendant SMC VA and Defendant SMC NJ in an amount not less than $724,321.27, together with prejudgment interest, post-judgment interest, costs, and such other relief as the Court deems just and proper.

### COUNT III-Account Stated

63. Plaintiff incorporates by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

64. Under Virginia law, an account stated exists when "the accounts between the parties have been either actually settled, or are presumed to be so from the circumstance of a party retaining, for a long time, without objection, the account of the other party, which has been presented to him, showing a balance against him." *Ellison v. Weintrob*, 139 Va. 29, 35, 123 S.E. 224 (1924).

65. Plaintiff and Defendant SMC VA engaged in a series of commercial transactions involving the sale and delivery of Plaintiff's goods, including stone slabs, vanity sinks, and stainless-

12

steel sinks. Plaintiff issued invoices to Defendant SMC VA reflecting the amounts due for those transactions.

66. Plaintiff and Defendant SMC NJ engaged in a series of commercial transactions involving the sale and delivery of Plaintiff's goods, including stone slabs, vanity sinks, and stainless-steel sinks. Plaintiff issued invoices to Defendant SMC NJ reflecting the amounts due for those transactions.

67. As part of those transactions, Plaintiff issued invoices and maintained account records reflecting the amounts owed by Defendant SMC VA and Defendant SMC NJ for goods delivered and accepted.

68. Defendant SMC VA had knowledge of the outstanding balances reflected in Plaintiff's invoices and account records because Defendant SMC VA accepted delivery of Plaintiff's goods, received Plaintiff's invoices and payment demands, communicated with Plaintiff regarding the outstanding balances, and never disputed the amounts claimed to be due.

69. Defendant SMC NJ had knowledge of the outstanding balances reflected in Plaintiff's invoices and account records because Defendant SMC NJ accepted delivery of Plaintiff's goods, received Plaintiff's invoices and payment demands, communicated with Plaintiff regarding the outstanding balances, and never disputed the amounts claimed to be due.

70. Acting on behalf of Defendant SMC VA, Defendant JAY DOE acknowledged Defendant SMC VA's outstanding payment obligations and represented that Defendant SMC VA would begin paying the Unpaid Total Amount in installments of Fifty Thousand Dollars ($50,000.00) every Friday beginning after April 1, 2026, without disputing the amount owed.

71. Acting on behalf of Defendant SMC VA, Defendant JAY DOE and communicated with Plaintiff through WhatsApp regarding Defendant SMC VA's outstanding balance,

13

acknowledged Defendant SMC VA's payment obligations, requested additional time to make payment, promised future payments, and never disputed Plaintiff's invoices or the amounts claimed to be due.

72. Acting on behalf of Defendant SMC NJ, Defendant DANIYAL SHUJA communicated with Plaintiff through WhatsApp regarding Defendant SMC NJ's outstanding balance, acknowledged Defendant SMC NJ's payment obligations, requested additional time to make payment, promised future payments, and never disputed Plaintiff's invoices or the amounts claimed to be due.

73. Defendant SMC VA assented to the correctness of the balance reflected in Plaintiff's account records by acknowledging the outstanding balances, requesting additional time for payment, promising future payment, and failing to object to Plaintiff's invoices or account records within a reasonable time,

74. Defendant SMC NJ assented to the correctness of the balance reflected in Plaintiff's account records by acknowledging the outstanding balance, requesting additional time for payment, promising future payment, and failing to object to Plaintiff's invoices or account records within a reasonable time.

75. As a direct and proximate result of Defendant SMC VA's and Defendant SMC NJ's failure to pay the account stated, Plaintiff has suffered damages of not less than $724,321.27, together with applicable interest, costs, and such other relief as permitted by law.

76. Therefore, Plaintiff is entitled to recover judgment against Defendant SMC VA and Defendant SMC NJ in an amount of not less than $724,321.27, together with prejudgment and post-judgment interest, costs, and such other relief as the Court deems just and proper.

**COUNT IV-Fraudulent Misrepresentation**

**(Against Defendant JAY DOE, Defendant IJLAL SHUJA, and Defendant DANIYAL SHUJIA)**

77. Plaintiff incorporates by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

78. Under Virginia law, the elements of actual fraud are (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with the intent to mislead, (5) reasonable reliance by the party misled, and (6) resulting damage. *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994).

79. On or about March 3, 2026, Defendant JAY DOE, acting on behalf of Defendant SMC VA, transmitted to Plaintiff via WhatsApp a screenshot purporting to show that a wire transfer in the amount of $33,010.66 had been initiated toward Defendant SMC VA's outstanding balance and represented that the payment had been sent.

80. Plaintiff did not receive the represented payment.

81. On or about March 4, 2026, Defendant JAY DOE represented to Plaintiff that Defendant SMC VA would begin paying the outstanding balance in installments of Fifty Thousand Dollars ($50,000.00) each Friday beginning after April 1, 2026, and requested that Plaintiff continue releasing shipments notwithstanding Defendant SMC VA's existing payment default.

82. On or about April 7, 2026, Defendant JAY DOE further represented that Plaintiff would receive a wire transfer that day and that confirmation of the transfer would be provided.

83. Defendant JAY DOE subsequently communicated directly with Plaintiff, acknowledged Defendant SMC VA's outstanding payment obligations, requested additional time to make payment, and represented that Defendant SMC VA intended to satisfy those obligations.

84. Defendant DANIYAL SHUJA communicated directly with Plaintiff regarding Defendant SMC NJ's outstanding payment obligations, acknowledged Defendant SMC NJ's

15

indebtedness, requested additional time to make payment, and represented that Defendant SMC NJ intended to satisfy its payment obligations.

85. Plaintiff reasonably relied upon the foregoing representations by continuing to release additional shipments of goods to Defendant SMC VA, delaying immediate collection efforts against Defendant SMC VA and Defendant SMC NJ, and by refraining from immediately suspending deliveries or pursuing available legal remedies.

86. Upon information and belief, at the time Defendant JAY DOE made the representations described above regarding the purported wire transfer and promised installment payments, Defendant JAY DOE knew those representations were false or made them with reckless disregard for their truth, and made those representations with the intent that Plaintiff would continue supplying goods and forbear from immediately pursuing collection efforts.

87. Upon information and belief, at the time Defendant DANIYAL SHUJA represented that Defendant SMC NJ intended to satisfy its outstanding payment obligations and requested additional time to make payment, Defendant DANIYAL SHUJA knew those representations were false or made them with reckless disregard for their truth, and made those representations with the intent that Plaintiff would continue forbearing from immediately pursuing collection efforts and would continue its business relationship with Defendant SMC NJ.

88. As a direct and proximate result of Defendant JAY DOE's and Defendant DANIYAL SHUJA's fraudulent misrepresentations, Plaintiff suffered damages, including the value of additional goods released in reliance upon those representations and the unpaid amounts owed by Defendant SMC VA and Defendant SMC NJ.

16

89. Plaintiff is entitled to recover compensatory damages against Defendant JAY DOE, Defendant IJLAL SHUJA, and Defendant DANIYAL SHUJA, together with prejudgment interest, post-judgment interest, costs, and such other relief as the Court deems just and proper.

**COUNT V-Piercing the Corporate Veil**

**(Against Defendant SMC HARDWARE CANADA INC.)**

90. Plaintiff incorporates by reference all preceding paragraphs of this Amended Complaint as if fully set forth herein.

91. Under Virginia law, the corporate form may be disregarded where it is used to disguise wrongs, obscure fraud, conceal crime, or otherwise work an injustice, and where the corporation is the alter ego, alias, stooge, or dummy of the individual or affiliated entity sought to be held liable. *Cheatle v. Rudd's Swimming Pool Supply Co.*, 234 Va. 207, 212–13, 360 S.E.2d 828, 831–32 (1987).

92. Upon information and belief, Defendant SMC Canada is the parent company of Defendant SMC VA and Defendant SMC NJ.

93. Publicly available corporate records reflect that Defendant IJLAL SHUJA simultaneously served as a director of Defendant SMC Canada while also serving as the President and an officer of Defendant SMC VA.  Publicly available corporate records further reflect that Defendant IJLAL SHUJA is an individual with significant control over Defendant SMC Canada (**Exhibit G and Exhibit H**).

94. Publicly available corporate records further reflect that Defendant DANIYAL SHUJA served as a director of Defendant SMC Canada while also acting on behalf of Defendant SMC NJ in connection with the transactions described in this Complaint.  (**Exhibit I**, **also** *see* **Exhibit G**).

17

95. Prior to the defaults giving rise to this action, Plaintiff regularly received payments for goods supplied to Defendant SMC VA and Defendant SMC NJ directly from Defendant SMC Canada.  Those payments caused Plaintiff to reasonably believe that Defendant SMC Canada exercised substantial control over, and assumed responsibility for, the payment obligations arising from the business operations of Defendant SMC VA and Defendant SMC NJ (**Exhibit J**).

96. The overlapping officers and directors identified above, together with Defendant SMC Canada's history of making payments directly to Plaintiff for transactions involving Defendant SMC VA and Defendant SMC NJ, demonstrate that Defendant SMC Canada exercised substantial involvement in the financial and business operations of Defendant SMC VA and Defendant SMC NJ.

97. Upon information and belief, Defendant SMC Canada directed, authorized, approved, or substantially participated in the purchasing, payment, and financial decisions relating to Plaintiff's transactions with Defendant SMC VA and Defendant SMC NJ.

98. Upon information and belief, Defendant SMC Canada benefited directly or indirectly from Plaintiff's sale of goods to Defendant SMC VA and Defendant SMC NJ, including by facilitating or making payments to Plaintiff in connection with those commercial transactions.

99. The precise nature and extent of Defendant SMC Canada's operational control, financial control, observance of corporate formalities, capitalization, intercompany relationships, and decision-making authority are presently known only to Defendants and will be established through discovery.

100.   Upon information and belief, Defendant SMC Virginia Inc. and Defendant SMC New Jersey Inc. functioned as instrumentalities of Defendant SMC Canada with respect to the

18

transactions alleged herein, and recognizing their separate corporate existence under the circumstances alleged in this Complaint would work an injustice by permitting Defendant SMC Canada to avoid liability for obligations arising from transactions over which it exercised substantial control.

101. Accordingly, Plaintiff is entitled to pierce the corporate veil and hold Defendant SMC Canada jointly and severally liable for the obligations owed to Plaintiff arising from the transactions alleged in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, and grant the following relief:

A. Award compensatory damages against Defendant SMC VA and Defendant SMC NJ, jointly and severally to the extent permitted by applicable law, in an amount to be determined at trial, but not less than $724,321.27;

B. Declare that Defendant SMC Canada is liable for the obligations of Defendant SMC VA and Defendant SMC NJ to the extent the Court determines that piercing the corporate veil is appropriate under applicable law;

C. Award prejudgment interest as permitted by Virginia law;

D. Award post-judgment interest as provided by law;

E. Award Plaintiff its taxable costs incurred in this action;

F. Award such other and further relief, whether legal or equitable, as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues set forth herein.

Respectfully submitted,
TOPESTONE SURFACES INC.
By Counsel

/s/ Shaoming Cheng
Shaoming Cheng, Esq.
VA Bar # 80218
Cheng Yun Law PLLC
6088 Franconia Road Ste D
Alexandria, VA 22310
Tel: (703) 887-6786
Fax: (888) 510-6158
Email: jcheng@chengyunlaw.com

Dated: August 4, 2026

20